**Edith Cains CLARK et al., Plaintiffs,**

v.

**BOARD OF EDUCATION OF SHELBYVILLE, KENTUCKY, a body corporate, et al., Defendants,**

Sam D. Hinkle et al., Intervenors.

No. 403.

United States District Court, E. D. Kentucky, Frankfort Division.

Oct. 25, 1972.

Robert Allen Sedler, Lexington, Ky., John G. O'Mara, Louisville, Ky., for plaintiffs.

Ralph Mitchell, Saunders, Mitchell & Mathis, Shelbyville, Ky., for defendants.

Walter B. Smith, by Joseph A. Biagi, Shelbyville, Ky., for intervenors.

### MEMORANDUM

SWINFORD, District Judge.

The record of this case is before the court on the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The defendants' motion is supported by two arguments; 1) that the plaintiffs' factual allegations are so nebulous and/or conclusory that it would be impossible for the court as ascertain whether there have been any constitutional violations, and 2) that the relief which is demanded is legislative in nature and beyond the province of the court.

The plaintiffs make these substantive allegations. 1) That they are parents of children attending the schools within the Shelbyville School District. 2) That the Board of Education of Shelby County operates all of those schools in Shelby County except those operated by the Board of Education of the Shelbyville District. 3) That the real estate located in the Shelby County District is substantially higher in value than that located in the Shelbyville District. 4) That the residents of the Shelbyville District are taxed at a higher rate than the residents of the Shelby County District. 5) That despite Shelbyville's higher tax rate, it is unable to raise an amount of revenue comparable to that raised by the Shelby County District, and is therefore unable to provide the same quality of education or educational facilities as provided by the Shelby County School District. 6) That approximately 30% of the Shelbyville school students are black whereas only 5% of the Shelby County school children are black. 7) That the Kentucky Department of Education has for some time recommended that the two school districts merge, but that they have refused to do so because the Shelbyville School "District has a substantially larger proportion of black students so that in the event of merger the County Board would have the responsibility of educating those black students, which responsibility it (the Shelby County District) (does) not wish to assume". 8) And that the failure of the Shelby County Board to merge with the Shelbyville Board has resulted in a denial of the plaintiffs' right to equal protection of

the law in that "the black parents and children of the Shelbyville District have been discriminated against on the basis of their race and have been denied educational benefits that would have accrued to them but for their race".

▇▇ In considering a motion to dismiss for failure to state a claim upon which relief can be granted the court may only concern itself with the pleadings. The general test is whether the allegations of the complaint, if proved, would entitle the plaintiff to relief. The fact that the plaintiff may not be able to support the allegations of the complaint with adequate evidence is unimportant in deciding the motion. The Supreme Court approved in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the "accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". That proof may not exist is not significant, so long as its existence—even its hypothetical existence—would create an actionable claim. In deciding the defendants' motion the court will treat everything in the plaintiffs' complaint as being true, and then determine whether from those allegations relief could be granted.

The court is of the opinion that the defendants' motion is not sustainable upon their first argument. The factual allegations of the complaint are not so conclusory or nebulous as to make it impossible to determine whether there has been any intentional constitutional violations. If the allegation that the Shelbyville School District has less money per student than the Shelby County School District is true, then the court believes it would be established that there is an inequality of educational opportunities between the school districts. If the allegation that the Shelby County School Board did not want to merge with the Shelbyville Board as advised by the Kentucky Department of Education solely because the Shelby County Board did not want to educate additional blacks is true, then the court believes it would be established that blacks have been discriminated against on account of their race. The court is satisfied that the plaintiffs have made adequate allegations of fact.

The second argument of the defendants is that the court is being asked to encroach upon the legislative process. The plaintiffs have prayed that the court compel the two school districts of Shelby County to merge. The defendants contend that this court does not have the authority to cause the State to alter its internal governmental structure and contend that whatever relief the court might grant would have that very effect.

▇▇ Courts may not invade the domain of the legislature and where a plaintiff is asking for legislative relief or relief which would encroach upon the legislative process the courts are without power to act. The defendants argue that the structure of the internal government of a State is exclusively a matter of the legislative bodies of that State. The defendants correctly argue that Kentucky may through its legislature determine for what reasons and in what manner governmental subdivisions, such as school districts, may be prescribed. So long as those subdivisions are properly formed, the courts have no power to interfere, and changes, such as merger, may only be made pursuant to legislative authority.

▇ That courts may not usurp the legislative function is fundamental, but where the laws enacted by the legislature are unconstitutional or have been applied in such a way as to deny constitutional rights, then the courts are empowered to act and may grant whatever relief necessary to vindicate constitutional wrongs. In support of their motion the defendants cite the case of Bradley v. School Board of the City of Richmond, Va., 462 F.2d 1058 (1972), and quote from the opinion of the

Fourth Circuit Court of Appeals as follows:

"May a United States District Judge compel one of the States of the Union to restructure its internal government for the purpose of achieving racial balance in assignment of pupils to the public schools? We think not, absent invidious discrimination in the establishment or maintenance of local governmental units, and accordingly reverse."

Although the defendants have cited this case for the proposition that the courts may not gratuitously assume legislative functions, the Fourth Circuit recognized in its opinion that a federal court could order a State of the Union to restructure its internal government for the purpose of achieving racial balance (equality of educational opportunity) if it were shown that there had been invidious discrimination. Here the plaintiffs have alleged that there has been invidious discrimination.

A case more closely resembling the factual circumstances of this action is McInnis v. Shapiro, 293 F.Supp. 327 (D.C., 1969). That suit was filed on behalf of school children attending schools within four school districts of Cook County, Illinois. The plaintiffs argued that school expenditures should be made only on the basis of the pupils educational needs and not with regard to the financial strength of the local school districts. The court dismissed the action determining that the State legislation providing for school financing was not unconstitutional. The court pointed out that under the facts of the case relief could only come from the legislature, however, the court noted that if the challenged legislation had been invidiously discriminatory then relief would have been proper, citing Hobson v. Hansen, D.C., 269 F.Supp. 401, where variations in expenditures were struck down because the classifying factor was race.

Here the plaintiffs have not attacked the constitutionality of the laws under which the Shelby County and Shelbyville School Boards were drawn, rather they contend that they were drawn and have been perpetuated in order to discriminate against blacks. The Court of Appeals for this Circuit in Valley View Village v. Proffett, 221 F.2d 412 (6 Cir., 1955), touched upon the distinction between unconstitutional legislation and legislation that is unconstitutionally applied. The Valley View case dealt with the propriety of court ordered merger of certain zoning use districts. The Court said that "Unless there is a clear and palpable abuse of power, a court will not substitute its judgment for legislative discretion". But the opinion of the Court went on to note that "a zoning ordinance may be generally valid, however, and at the same time be so arbitrary and unreasonable in its concrete application to particular premises as to be invalid as applied to them". The court believes that this is what the plaintiffs have alleged in this case. The plaintiffs admit that under Kentucky law a county may maintain separate and independent school districts, but argue that where separate districts are maintained for purposes of racial discrimination, then the otherwise valid law is in its application to those particular districts invalid. In essence the plaintiffs contend that the defendants have utilized their lawful legislative authority to obtain unlawful constitutional results. The Supreme Court said in Gomillion v. Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960), that:

"When a State exercises power wholly within the domain of state interest, it is insulated from federal judicial review. But such insulation is not carried over when state power is used as an instrument for circumventing a federally protected right . . . 'Acts generally lawful may become unlawful when done to accomplish an unlawful end. . . . and a constitutional power cannot be used by way of condition to attain an unconstitutional result.' "

The court is satisfied that the plaintiffs have stated an actionable claim. An order will this day be entered denying the defendants' motion to dismiss the complaint.